

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11    PEREGRINE SEMICONDUCTOR
      CORPORATION, a Delaware
12    corporation,

13                    Plaintiff-Counterdefendant,
              vs.
14

15

16    RF MICRO DEVICES, INC., a North
      Carolina corporation,
17

                      Defendant-Counterclaimant.
18    ┌─────────────────────────────┐
      │ And Related Case            │
      └─────────────────────────────┘

CONSOLIDATED CASE NO.:
3:12-CV-0911-H (WMC)

CONSOLIDATED WITH: 3:13-
CV-00725-H (WMC)

**ORDER DENYING
DEFENDANT'S MOTION FOR
AN ORDER TO SHOW CAUSE
REGARDING SANCTIONS**

**[Doc. No. 222]**

19          On April 8, 2014, Defendant RF Micro Devices, Inc. ("RFMD") filed a motion

20    requesting that the Court issue an order to show cause why Plaintiff Peregrine

21    Semiconductor Corporation ("Peregrine") should not be sanctioned for litigation

22    misconduct. (Doc. No. 222.) On April 28, 2014, Peregrine filed its opposition to

23    RFMD's motion. (Doc. No. 244.) On May 5, 2014, RFMD filed its reply. (Doc. No.

24    245.) On May 5, 2014, the Court, pursuant to its discretion under Local Rule 7.1(d)(1),

25    submitted the motion on the parties' papers. (Doc. No. 248.) The Court denies RFMD's

26    motion for an order to show cause.

27    ///

28    ///

## **Background**

In February, 2012, prior to the present action, Peregrine filed a complaint against RFMD alleging patent infringement before the United States International Trade Commission ("the ITC"). (Doc. No. 113-4, Ex. 2.) In conjunction with that proceeding, the parties engaged in discovery. The parties agreed that the Court should give all discovery propounded during the ITC action full weight in the current proceedings. (Doc. No. 82-1 ¶ 7-10.)

On April 13, 2012, Peregrine filed the present action against RFMD alleging patent infringement, including infringement of U.S. Patent Nos. 7,123,898 ("the '898 patent") and U.S. Patent No. 7,860,499 ("the '499 patent"). (Doc. No. 1.)

On August 20, 2012, Dr. Ronald Reedy reached out to Robert Benton on behalf of Peregrine in order to determine whether Benton should have been named an inventor of the '898 and '499 patents and to secure his rights in those patents for Peregrine. (Doc. No. 99-5 ¶ 27.) Benton worked as a Senior RF Design Engineer in Peregrine's Campbell, California office from April, 1994 to December, 1997. (Doc. No. 99-5 ¶ 4; Doc. No. 113-1 ¶ 1.) During his time at Peregrine, made inventive contributions to the '898 and '499 patents.[1] (Doc. No. 97 ¶ 20.) Negotiations between Peregrine and Benton continued for several months. (Doc. No. 99-5 ¶¶ 28-38.)

On July 27, 2012, Peregrine produced a copy of engineer Mark Burgener's lab notebook in response to RFMD's discovery request in the ITC action. (Doc. No. 152-2, Ex. 1.) Peregrine redacted Page 137 of the notebook, believing at the time that the document contained privileged information. (Id. at PERE84800149370; Doc. No. 172-3 at 2.) On September 13, 2012, RFMD requested an unredacted copy of Page 137, along with several other requests for production. (Doc. No. 152-2, Ex. 11.) On October 11, 2012, before responding to RFMD's September 13, 2012 request for discovery,

---

[1] Peregrine subsequently conceded that Benton should have been named as an inventor for those patents. (Doc. No. 97 ¶ 20.)

1    Peregrine elected to voluntarily dismiss the ITC action. (Doc. No. 113-2, Ex. 9.)

2          On August 22, 2013, Benton initiated negotiations to sell his rights in the '898

3    and '499 patents to RFMD. (Doc. No. 244-2, Ex. F.) On September 26, 2013, RFMD

4    purchased Benton's rights in the '898 and '499 patents. (Doc. No. 172-2, Ex. K.)

5          On September 30, 2013, the Court lifted the stay on discovery in this action and

6    issued a scheduling order. (Doc. No. 91.) On December 6, 2013, RFMD requested that

7    Peregrine produce an unredacted copy of Page 137, along with several other requests

8    for production. (Doc. No. 152-3, Ex. 14.) On December 23, 2013, Peregrine produced

9    an unredacted version of Page 137, after determining the document was not privileged

10   and that it was inadvertently redacted during the ITC discovery. (Doc. No. 152-3 Ex.

11   15.) The unredacted version of Page 137 contains a clipping of a September, 2000

12   email chain among Peregrine executives. (Doc. No. 152-2, Ex. 5.)

13         On November 21, 2013, Peregrine filed an amended complaint, adding Benton

14   as a party. (Doc. No. 97.) On March 18, 2014, the Court granted RFMD's motion to

15   dismiss the '898 and '499 patents on the grounds that Peregrine did not acquire the

16   necessary ownership rights to sue on the patents before filing its infringement claims.[2]

17   (Doc. No. 203.) On April 8, 2014, RFMD filed the present motion requesting that the

18   Court order Peregrine and its counsel to show cause why sanctions are not warranted

19   and for additional discovery and briefing on the topic of sanctions. (Doc. No. 222.)

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26

27
28   [2] The Court also granted Benton's motion to dismiss Peregrine's causes of action against him, and dismissed him as a defendant from the case. (Doc. No. 203 at 10.)

- 3 -

### Discussion

**I.     Sanctions Under Federal Rules of Civil Procedure 26 and 37**

Federal Rule of Civil Procedure 26(g)(1) requires that an attorney responding to a discovery request must certify that, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the response is warranted by existing law, not interposed for any improper purpose, and reasonable. Fed. R. Civ. P. 26(g)(1). Rule 26(g)(3) provides for sanctions when an attorney or party improperly certifies a discovery response. Fed. R. Civ. P. 26(g)(3). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. It is an objective standard similar to the one imposed by Rule 11." Fed. R. Civ. P. 26 advisory committee's note (1980).

Federal Rule of Civil Procedure 26(b)(5) requires that when a party withholds otherwise discoverable material on the basis of privilege, that party must claim the privilege and describe the nature of the withheld material. Fed. R. Civ. P. 26(b)(5). If a party fails to comply with Federal Rule of Civil Procedure 26(b)(5), the Court may issue remedial orders, including sanctions or attorney's fees. Fed. R. Civ. P. 37(b)(2).

First, the Court notes that to the extent RFMD seeks sanctions under the Federal Rules of Civil Procedure on the basis of Peregrine's conduct before the ITC, the Court lacks the power to sanction conduct that occurs in a different forum in a different case. Trulis v. Barton, 107 F.3d 685, 694 (9th Cir. 1995). With respect to Peregrine's conduct before this Court, the circumstances do not indicate that Peregrine's initial redaction of Page 137 was conducted for an improper purpose or that Peregrine's initial redaction of Page 137 was unreasonable. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1364 (9th Cir. 1990). Page 137 concerns a common topic of attorney-client privilege, and therefore the initial reviewer's decision to redact it, while flawed, was not unreasonable. See, e.g., Qualcomm Inc. v. Broadcom Corp., No. 05CV1958-B (BLM), 2010 WL 1336937, at *6 (S.D. Cal. Apr. 2, 2010). Nor do the facts

1  demonstrate that Peregrine withheld the unredacted version of Page 137 for an
2  improper purpose.

3       Peregrine's production of privilege logs on a rolling basis does not constitute a
4  ground for sanctions under Rule 37. See Best Buy Stores, L.P. v. Manteca Lifestyle
5  Ctr., LLC, No. 2:10-CV-0389-WBS-KJN, 2011 WL 2433655, at *7 (E.D. Cal. June 14,
6  2011); Fed. R. Civ. P. 26(b)(5), 37(b)(2). RFMD has not disputed that both sides
7  produced privilege logs on a rolling basis. (See Doc. No. 244-2, Ex. C.) And
8  Peregrine's decision to voluntarily terminate its action before the ITC before
9  completing all discovery in that matter is not improper. See Smith v. Lenches, 263 F.3d
10 972, 979 (9th Cir. 2001).

11      After reviewing the record, the Court determines that Peregrine's initial
12 redaction of Page 137 was a reasonable error in the context of the parties' discovery
13 process. Such a reasonable error, subsequently corrected by Peregrine in a timely
14 fashion when discovery resumed in this case, cannot support the imposition of
15 sanctions by the Court under Federal Rules of Civil Procedure 26 and 37.

16 **II.    Sanctions Under Federal Rule of Civil Procedure 11**

17      Under Federal Rule of Civil Procedure 11(b), an attorney must certify that to the
18 best of the attorney's knowledge, information, and belief, formed after an inquiry
19 reasonable under the circumstances, all factual contentions made to the Court have
20 evidentiary support or will likely have evidentiary support after a reasonable
21 opportunity for discovery. Fed. R. Civ. P. 11(b). Rule 11 "deters 'baseless filings' by
22 requiring a 'reasonable inquiry' that there is some plausible basis for the theories
23 alleged." Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011) (citing Cooter
24 & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).

25      Federal Rule of Civil Procedure 11(c) provides that a court may impose
26 sanctions if the court determines that an attorney or party violated Rule 11(b). Fed. R.
27 Civ. P. 11(c). Rule 11 does not apply to discovery disputes governed by Rules 26 and
28 37. Fed. R. Civ. P. 11(d); Christian v. Mattel, Inc., 286 F.3d 1118, 1130 (9th Cir.

1  2002).

2      RFMD does not identify a particular filing by RFMD that fails to meet the

3  standard of Rule 11. It appears that RFMD's motion seeks for the Court to begin an

4  inquiry into whether Peregrine violated Rule 11 by litigating this action without having

5  complete legal rights in the '898 and '499 patents. (See Doc. No. 222-1 at 1.) Such an

6  inquiry is not necessary, because on the present record, the Court determines that

7  Peregrine had a cognizable argument that it was the legal owner of the patents,

8  regardless of whether Benton was an inventor on those patents. Rachel v. Banana

9  Republic, Inc., 831 F.2d 1503, 1508 (9th Cir. 1987) ("Rule 11 is not intended to permit

10  sanctions just because the court later decides that the lawyer was wrong.") (internal

11  quotation marks omitted). Accordingly, the Court cannot conclude that any of

12  Peregrine's filings violated Rule 11(b)'s prohibitions.

13  **III.  Sanctions Under the Court's Inherent Authority**

14      Sanctions under a court's inherent authority are predicated on a finding of bad

15  faith conduct in litigation. Mendez v. County of San Bernardino, 540 F.3d 1109, 1131

16  (9th Cir. 2008). "A finding of bad faith is warranted where an attorney 'knowingly or

17  recklessly raises a frivolous argument, or argues a meritorious claim for the purpose

18  of harassing an opponent.'" Rodriguez v United States, 542 F.3d 704, 709 (9th Cir.

19  2008) (internal brackets omitted) (quoting Primus Automotive Financial Services, Inc.

20  v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997)). The level of misconduct required before

21  it is appropriate for a court to impose sanctions under its inherent authority is "a high

22  threshold." Mendez, 540 F.3d at 1132 (citing Primus Auto., 115 F.3d at 649).

23      "Because inherent powers are shielded from direct democratic controls, they

24  must be exercised with restraint and discretion." Roadway Express, Inc. v. Piper, 447

25  U.S. 752, 764 (1980). Furthermore, when a specific rule or statute provides a court with

26  a mechanism to address litigation abuses, it is preferable to apply that rule or statute,

27  rather than invoke the court's inherent powers. F.J. Hanshaw Enters., Inc. v. Emerald

28  River Dev., Inc., 244 F.3d 1128, 1136-37 (9th Cir. 2001).

1    RFMD urges the Court to sanction Peregrine based on the "cumulative effect"

2  of on alleged "campaign of misconduct." (Doc. No. 222-1 at 19-20.) To the extent that

3  RFMD's allegations of a campaign of misconduct concern discovery disputes and

4  filings best addressed by the Federal Rules of Civil Procedure, the Court declines to

5  exercise its inherent powers to issue sanctions. F.J. Hanshaw, 244 F.3d at 1136-37.

6  RFMD also alleges that Peregrine engaged in misconduct by attempting to correct

7  inventorship of the '898 and '499 patents while pursuing its infringement claims before

8  this Court. (Id. at 15.) But attempting to correct an issue of inventorship, even during

9  an infringement suit, is permissible under 35 U.S.C. § 256. See, e.g., Viskase Corp. v.

10 Am. Nat. Can Co., 261 F.3d 1316, 1329 (Fed. Cir. 2001). The Court cannot conclude

11 that Peregrine acted in bad faith by attempting to remedy its inventorship issue. (See

12 Doc. No. 99-5 ¶¶ 28-38.) Accordingly, after reviewing the record, the Court declines

13 to exercise its inherent authority to sanction Peregrine. Roadway Express, 447 U.S. at

14 764.

## Conclusion

16    Both parties engaged in contentious litigation with regard to the '898 and '499

17 patents. While RFMD prevailed in its motion to dismiss the causes of action for

18 infringement of the '898 and '499 patents from this case, RFMD has not succeeded in

19 demonstrating that Peregrine's actions during this litigation were so unreasonable as

20 to warrant further discovery or briefing on the topic of sanctions. The Court denies

21 RFMD's motion for an order to show cause why Peregrine should not be sanctioned

22 for litigation misconduct.

23    **IT IS SO ORDERED**.

24 DATED: May 8, 2014

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT